UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:01 CR 98 |
| | ) | |
| BOBBY SUGGS | ) | |

## ORDER REDUCING SENTENCE

Defendant Bobby Suggs, through counsel, has moved for a sentence reduction pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 1527.) For the reasons set forth below, the motion is granted to the extent described in this order.

**I.    BACKGROUND**

Defendant Bobby Suggs participated in, and eventually led, a drug trafficking conspiracy out of a government housing complex in Gary, Indiana, in the late 90s. *United States v. Suggs,* 374 F.3d 508, 512 (7th Cir. 2004). Defendant was associated with the Vice Lords street gang, sold extensive quantities of crack, and used violence to further and protect the gang's operation. *Id.* at 512-14.

.       Defendant was ultimately charged for his role in the conspiracy. After a trial over which the undersigned presided, a jury found defendant guilty of Count 1, which alleged conspiracy to distribute 50 grams or more of crack cocaine and carried a statutory penalty of 10 years to life imprisonment, plus a minimum of 5 years of supervised release. 21 U.S.C. § 841(b)(1)(A). Defendant was also convicted of possession

with intent to distribute marijuana (Count 33), and 3 counts of using a telephone to facilitate a drug-trafficking crime (Counts 29, 30, and 32).

At sentencing, the court found defendant responsible for 17.1 kilograms of crack cocaine and 36.1 kilograms of marijuana. (DE # 1560 at 2.) As a result, the total offense level on Count 1 was 46, and his guidelines range was life imprisonment. The court sentenced defendant to a term of life on Count 1, and 48 months on Counts 29, 30, 32, and 33, all to run concurrent with each other and the term for Count 1. (*Id.*)

In 2011, defendant sought a reduction in his sentence due to an amendment to the Sentencing Guidelines but the court denied this motion, finding defendant ineligible for relief because his guidelines range remained life imprisonment even in light of the amendment. (DE # 1196.) This decision was upheld by the Seventh Circuit Court of Appeals. (DE # 1320.)

Defendant now seeks a reduction in his sentence under the First Step Act. (DE # 1527.) The Government opposes the motion. (DE # 1528.) The motion is fully briefed and ripe for ruling.

II.     ANALYSIS

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734,

735 (7th Cir. 2020). The parties agree that defendant is eligible for First Step Act relief on Count 1. The court now considers whether a reduction in defendant's sentence is appropriate as to this count.

The court first considers the advisory Sentencing Guidelines range applicable to defendant, as well as the effects the Fair Sentencing Act had on the statutory penalties applicable to defendant. Defendant's guidelines range for Count 1, even post-Fair Sentencing Act, would be life imprisonment. (DE # 1560 at 3.) However, the Fair Sentencing Act shifts the applicable statutory penalty from 10 years - life, to 5 - 40 years. 21 U.S.C. § 841(b)(1)(B) & 960(b)(2). Therefore, the guidelines range for Count 1 becomes the statutory maximum: 40 years. U.S.S.G. § 5G1.1.

As recommended by *Shaw*, 957 F.3d at 741-42, the court also considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. The court's prior consideration of the Section 3553(a) factors at sentencing remains valid. The court has considered that defendant operated as the leader of a serious, complex, and long-term drug conspiracy. The conspiracy began in 1994 and ended in 2001, with at least 18 individuals participating. *Suggs*, 374 F.3d at 513. Defendant and his brother Seantai posessed 11 firearms. *United States v. Davis*, 682 F.3d 596, 603-04 (7th Cir. 2012). Defendant was affiliated with a gang during the conspiracy. *Suggs*, 374 F.3d at 514. And, as previously noted, the conspiracy involved a significant amount of crack. The circumstances surrounding defendant's

3

crimes call into question whether defendant would contribute to society as an upstanding citizen and not constitute a danger to society upon release. The court is also cognizant that continued incarceration may have deterrent value, both for defendant and for others.

The court has also considered defendant's argument that he has completed numerous classes, has enrolled in a GED program, and has made significant efforts towards rehabilitation while incarcerated. (DE # 1527 at 16-63.) Further, the court acknowledges that defendant has had only 2 disciplinary infractions during his 20 years in custody, despite being subject to a life sentence the entire time. (DE # 1560 at 3.) These infractions were non-violent in nature (possession of a contraband cellphone and giving/accepting money without authorization). (*Id.*)

In light of all of these considerations, the court finds that reducing defendant's sentence from life imprisonment to the guidelines range of 40 years is appropriate. This sentence comports with the First Step Act, as it does not exceed the post-Fair Sentencing Act statutory maximum applicable to defendant's crack charge. This sentence further acknowledges the severity of the charged crimes and defendant's role as a leader of a major drug conspiracy. Even though the court has the discretion to go lower than the guidelines range, it declines to do so because defendant's achievements and positive progress during incarceration do not outweigh the seriousness of his crimes, his leadership role, and the need for deterrence. Finally, although the court is not required to compare defendant's sentence with that of co-defendants, *United States v. Solomon*,

4

892 F.3d 273, 278-79 (7th Cir. 2018), the court notes that sentencing defendant to a 40-year term of incarceration, the guidelines range applicable to defendant, furthers the interest of avoiding unwarranted sentencing disparities, as co-defendants Aaron Davis and Seantai Suggs are presently serving guidelines sentences at the low end of their respective ranges. *United States v. Suggs,* 846 F. App'x 419, 421 (7th Cir. 2021) (affirming the court's ruling on Seantai Suggs's First Step Act motion and rejecting his argument that disparity existed between his low-end guidelines sentence and Aaron Davis's low-end guidelines sentence).

In accordance with the Fair Sentencing Act, the court also modifies defendant's term of supervised release as follows: defendant is sentenced to a 4-year term of supervised release on Count 1.

Finally, the court denies any request by defendant to be physically present for a hearing on the present motion. *United States v. Cooper,* 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding a resentencing hearing on a First Step Act motion, noting that "nothing in § 404 [of the First Step Act] plainly requires the district court to hold any sort of hearing at all").

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion for resentencing under the First Step Act (DE # 1527) as follows: defendant's term of imprisonment on Count 1 is reduced from life imprisonment to 480 months (to run concurrently with the other terms of imprisonment), and defendant's term of

supervised release is reduced from 5 years to 4 years on Count 1. However, if the term of imprisonment is less than the amount of time defendant has already served, the term of imprisonment is reduced to time served. Except as provided herein, all provisions of the original and amended judgments shall remain in effect.

This order is effective immediately; however, if this order reduces the defendant's sentence to time served, **RELEASE OF THE DEFENDANT IS STAYED** but only for the time period necessary for the Bureau of Prisons to accomplish the following tasks required by law, which period **MAY NOT EXCEED** ten (10) days from the date this order is entered on the docket: (1) to permit adequate time to collect DNA samples from the defendant (42 U.S.C. § 14135a); (2) to notify victims and witnesses (18 U.S.C. § 3771); (3) where applicable, to notify law enforcement officials of release of a violent offender and notify sex offender registration officials of release of a sex offender (18 U.S.C. § 4042 (b) & (c)); and (4) where applicable, to review defendant for possible civil commitment as a sexually dangerous person (18 U.S.C. § 4248).

                                      **SO ORDERED.**

Date: August 25, 2021

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT