UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:01 CR 98 |
| ) | |
| BOBBY SUGGS ) | |

## OPINION and ORDER

This matter is before the court on defendant Bobby Suggs' *pro se* motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("Guidelines"). (DE # 1593.) For the reasons that follow, the motion is denied.

In Amendment 821, the United States Sentencing Commission changed how a defendant's criminal history is calculated for sentencing. Part A of Amendment 821 amended § 4A1.1 of the Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Suggs is currently serving a 480-month term of imprisonment for various drug crimes. (*See* DE # 1590.) He now moves for a reduction in this sentence pursuant to

Amendment 821. A review of the record reveals that he is not entitled to a reduction.

Suggs argues that he received status points for two misdemeanor convictions, and without those status points his criminal history category is reduced from Category II to Category I. (DE # 1593.) However, he admits that this change in his criminal history calculation does not effect his advisory sentencing range.[1] (*Id.*) Suggs is correct, and this fact dooms his claim for relief. The court may only "reduce" a defendant's sentence—that is, the court can act only where "the guideline range applicable to that defendant has subsequently been lowered." USSG § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2). A reduction is not authorized under § 3582(c)(2) if the guideline amendment did not have the effect of lowering the defendant's applicable guideline range. USSG § 1B1.10(a)(2). Accordingly, because Amendment 821 does not have any effect on Suggs' sentence, he is not entitled to relief under § 3582(c)(2).

Suggs argues that the change in his criminal history calculation would impact the way that the Bureau of Prisons calculates his sentence and custody level. This is not a claim that this court may consider in the present § 3582(c)(2) motion. The calculation of a prisoner's sentence, including the application of potential sentence credits, can be

---

[1] The Probation Office's most recent sentencing addendum notes that, in the presentence report, Suggs received two criminal history points for being on probation for an offense that in and of itself did not receive any criminal history points, thus he should not have received any criminal history points for being on probation. (DE # 1560 at 3.) The Probation Office notes that his correct criminal history category is I, but that this revision would not impact his sentencing guideline range, as a Criminal History Category I and an amended Total Offense Level of 44 still results in an advisory guideline range of Life (*id.*), which is reduced to 40 years pursuant to the statutory maximum. (DE # 1589 at 3.)

challenged in a 28 U.S.C. § 2241 petition, but only after the inmate has sought relief through the Bureau of Prison's administrative procedures. *See Setser v. United States*, 566 U.S. 231, 244 (2012); *United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019).

In summary, because defendant cannot make a showing that he is entitled to relief under retroactive Guidelines Amendment 821, his request, construed as a motion for a sentence reduction, must be denied.

For these reasons, defendant's motion for a reduction in sentence pursuant to Amendment 821 (DE # 1593) is **DENIED**.

                                      **SO ORDERED.**

Date: December 3, 2024

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT